10-1948-ag
Pan v. Holder

BIA
A073 607 614

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand eleven.

PRESENT:
>           JOSÉ A. CABRANES,
>           ROBERT D. SACK,
>           DEBRA ANN LIVINGSTON,
>                   *Circuit Judges.*

_____

Bi Yan Pan,
>           *Petitioner,*

>           v.                                                10-1948-ag
>                                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, BOARD OF IMMIGRATION APPEALS,
>           *Respondents.*

_____

FOR PETITIONER:           Peter S. Gordon, Forest Hills, New York.

FOR RESPONDENTS:          Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Seth A. Director, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bi Yan Pan, a native and citizen of the People's Republic of China, seeks review of an April 19, 2010, order of the BIA denying her motion to reopen her removal proceedings. *In re Liu*, No. A073 607 614 (B.I.A. Apr. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Pan's motion to reopen as untimely, as she filed it more than six years after her final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA

2

reasonably concluded that only Pan's personal circumstances had changed, as her claim was based on the fact that she began practicing Falun Gong in 2009.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").

Moreover, substantial evidence supports the BIA's conclusion that Pan failed to show a material change in country conditions.  Although the evidence indicated that repression of Falun Gong practitioners increased during the 2008 Olympics, the evidence also indicated that the repression has been constant and ongoing since the time of Pan's hearing in 2001.  Accordingly, the BIA reasonably determined that Pan failed to establish that conditions in China had materially changed so as to warrant reopening.

*See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.") (citations omitted); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard).

Finally, given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that Pan submitted. *See Wei Guang Wang*, 437 F.3d at 275 (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings") (citations omitted); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all

4

of the evidence before [it], unless the record compellingly suggests otherwise").

Accordingly, the BIA did not abuse its discretion by denying Pan's motion. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5